IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **EDUARDO ALEJANDRO SOLIS,** Reg. No. 84781-509, Petitioner, | § § § § | |
| v. | § § | Cause No. EP-24-CV-18-FM |
| **WARDEN, FPC La Tuna Camp,** Respondent. | § § § | |

## DISMISSAL ORDER

Eduardo Alejandro Solis challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. He claims the Bureau of Prisons (BOP) has incorrectly identified him as a domestic terrorist (Code 422), which he believes makes him ineligible for First Step Act (FSA) earned time credits.[1] *Id*. at 7. He asks the Court to intervene in his behalf and order Respondent Warden to eliminate his classification as a domestic terrorist and correctly calculate his FSA earned time credits. *Id*. at 9. He concedes he has not exhausted his administrative remedies through the BOP's administrative remedy process, but

---

[1] Under the First Step Act (FSA), an eligible prisoner with a low risk of recidivism earns time credits (ETCs) for participating in "evidence-based recidivism reduction programs" (EBRRs) and other "productive activities" (PAs). 18 U.S.C. § 3632(d)(4); 28 C.F.R. § 523.42. An eligible prisoner may earn ten days of credit for every thirty days of successful participation in EBRRs or PAs. *Id*. Additionally, an eligible prisoner assessed at a minimum or low risk of recidivism and maintains it over two consecutive assessments, may earn an additional five days of time credit for every thirty days of successful participation. *Id*. The FSA authorizes the Bureau of Prisons (BOP) to apply ETCs to the release dates of prisoners and accelerate their release from custody. 18 U.S.C. § 3624(g). However, a prisoner is ineligible to earn FSA ETCs if his sentence arose from a disqualifying conviction. 18 U.S.C. § 3632(d)(4)(D). So, for example, a prisoner may not receive FSA ETCs if convicted of manufacturing or distributing a controlled substance in violation of 21 U.S.C. § 841(b)(1) and "death or serious bodily injury resulted from the use of such substance." *Id*. § 3632(d)(4)(D)(lviii). Additionally, BOP Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d), further clarifies the BOPs procedures for awarding and applying ETCs under the FSA. *Id*. The Program Statement clarifies what "successful participation" in EBRRs and PAs means, and provides, for example, that "[i]nmates in Disciplinary Segregation status will not be considered to be 'successfully participating.' Inmates in restrictive housing for Administrative Detention shall obtain [E]TCs if they otherwise remain in earning status under the policy." BOP Program Statement 5410.01 at 4.

he argues only the Court can determine his eligibility for FSA earned time credits. *Id.* at 2.

Solis is a 26-year-old inmate serving a 51-month sentence imposed after he pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute more than 400 grams of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(a)(vi). *United States v. Solis*, 3:22-CR-227-KC (W.D. Tex), J. Crim. Case, ECF No. 51. He is currently confined at the La Tuna Federal Correctional Institution in Anthony, Texas. *See* Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 84781-509, last visited Mar. 4, 2024). His projected release date is March 27, 2026. *Id.*

Solis filed his § 2241 petition in this Court on January 17, 2024. But he did not pay the $5.00 filing fee or apply to proceed *in forma pauperis* (without prepaying costs and fees). He was accordingly ordered by the Court on January 24, 2024, to either pay the filing fee or apply to proceed *in forma pauperis* within twenty-one days of the entry of the order. Order, ECF No. 2. He was warned his failure to comply with the Court's order within the time specified could result in the dismissal of his petition without further notice to him, pursuant to Federal Rule of Civil Procedure 41(b). *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.1998). He was told "[t]his authority [under Rule 41(b)] flows from the Court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

As of this date, Solis has neither paid the filing fee nor applied to proceed *in forma pauperis*.

Therefore, after due consideration, **IT IS ORDERED** that Solis's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**

for failure to comply with a court order. **IT IS FURTHER ORDERED** that Solis's civil case is **CLOSED**.

    **SIGNED** this 5th day of March 2024.

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**